IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAWN VEASLEY, individually and as Parent and Natural Guardian of EVAN VEASLEY, a minor,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Action File No.<br>1:20-CV-04328-LMM |

## DEFENDANT'S INITIAL DISCLOSURES

Pursuant to Fed. R. Civ. P. 26(a)(1) and N.D. Ga. L.R. 26.1, Defendant United States of America ("Defendant"), by and through undersigned counsel, provides the following initial disclosures in the above-captioned action:

(1)  If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

Response:  Defendant is properly identified.

(2)  Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff.  If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

Response:  None.

(3)     Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

Response:  Without the benefit of any necessary discovery from any parties or third parties, Defendant states the factual basis for its defenses as follows:

At approximately 2:50 p.m. on January 6, 2017, United States Postal Service ("USPS") employee Thomasina White was delivering mail in a residential area of Smyrna, Georgia.  White was operating a right-hand-drive USPS Long-Life Vehicle ("LLV").  After delivering mail on Hunters Point Road, White approached the intersection of Hunters Point Road and Ennisbrook Drive and stopped at the stop sign.  After stopping, White yielded to vehicle traffic, sufficiently looked in both directions to ensure that it was safe to proceed, and then began to turn right from Hunters Point Road onto Ennisbrook Drive.  As she was making her turn, however, Evan Veasley ("E.V.") walked in front of White's vehicle.  Upon information and belief, E.V. was 13 years old, had been walking against traffic on the roadway of Ennisbrook Drive towards Hunters Point Road, and was looking down at his cell phone and not paying attention when he walked into the intersection and in front of White's vehicle.  Even though White initiated her brakes, her vehicle slid forward and bumped E.V., causing him to fall.  At the time, the roadway was wet.  White put her vehicle in

park, turned it off, and ran to check on E.V.  E.V. stated that he was alright but shook up.  Before White could call the police, a bystander came over to say that the police were on the way.

Smyrna Police Officer B. Tovar arrived on-scene at approximately 2:57 p.m..  Officer Tovar drafted a Motor Vehicle Accident Report, in which he assessed E.V. with the contributing factor of "other."  Officer Tovar did not assess White with any contributing action, and White was not given a traffic citation.  Emergency Medical Services ("EMS") took E.V. from the scene.  Upon information and belief, E.V. later was diagnosed with a broken tibia.  Medical reports showed that E.V.'s injuries healed well and, by April 2017, E.V. was jogging and, by September 2017, was playing football.  Upon information and belief, E.V. has continued to compete in track and field and football.

In Plaintiff's administrative claim submitted in accordance with the Federal Tort Claims Act, Plaintiff demanded $350,000 in personal injury/total damages.  However, it appears that E.V.'s medical bills arising from the incident only total approximately $8,000.

Defendant denies liability, disputes causation and the amount of damages claimed, and anticipates that additional facts in support of its position will be developed during the course of discovery.  Defendant asserts that E.V., through

his own lack of due care, is responsible for any injuries suffered and, at a minimum, was contributorily negligent.

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

Response: The following statutes, codes, and regulations apply to this action: The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*; O.C.G.A. § 40-6-90 *et seq.*; O.C.G.A. § 51-1-1 *et seq.*; O.C.G.A. § 51-11-7; O.C.G.A. § 51-12-1 *et seq.*; O.C.G.A. § 51-12-33.

The following legal principles, standards, and customs or usages may apply to this action: negligence, doctrine of avoidable consequences, contributory negligence, proximate cause, estoppel, mitigation, damages.

Illustrative cases law that applies to this action includes: *Ireland v. Williams*, 351 Ga. App. 124 (2019); *Berni v. Cousins Properties, Inc.*, 316 Ga. App. 502 (2012); *Hite v. Anderson*, 284 Ga. App. 156 (2007); *Gaffron v. Metropolitan Atlanta Rapid Transit Authority*, 229 Ga. App. 426 (1997); *Weston v. Dun Transp.*, 304 Ga. App. 84 (2010); *Lowery's Tavern, Inc. v. Dudukovich*, 234 Ga. App. 687 (1998); *Bartlett v. McDonough Bedding Co.*, 313 Ga. App. 657 (2012); *Dailey v. Echols*, 265 Ga. App. 459 (2004); *Hynes v. Cagle*, 264 Ga. App. 367 (2003);; *Tuggle v. Helms*, 231 Ga. App. 899 (1998); *Hornsby v. Odum*, 198 Ga. App. 472 (1991).

Defendant reserves the right to identify additional statutes, codes, doctrines, and case law in future filings with the Court.

(5)     Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Responses to Initial Disclosures as Attachment A.)

Response:  See Attachment A.

(6)     Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

Response:  No such evidence or experts have been identified yet. Defendant will provide these disclosures according to the deadlines set by the Court.

(7)     Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Responses to Initial Disclosures as Attachment C.)

Response:  See Attachment C.

(8)     In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making

such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Responses to Initial Disclosures as Attachment D.)

Response: Defendant claims no damages, only a recovery of its costs as the prevailing party after its successful defense of this action.

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

Response: Defendant does not so contend at this time.

(10) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Responses to Initial Disclosures as Attachment E.)

Response: Defendant does not have an insurance agreement applicable to the claims and circumstances alleged in Plaintiff's Complaint.

This 3rd day of February, 2021.

        KURT R. ERSKINE
        *Acting United States Attorney*

        s/ Aaron J. Ross
        AARON J. ROSS
        *Assistant United States Attorney*
        Georgia Bar No. 461981
        75 Ted Turner Drive SW
        Atlanta, Georgia 30303

Telephone:  404-581-6228
Facsimile:  404-581-6181

*Counsel for Defendant*

## ATTACHMENT A

### Defendant's List of Witnesses

- Dawn Veasley, Plaintiff

- Evan Veasley, Plaintiff's son

- Thomasina White (contact through undersigned counsel)

- Toi Miller (contact through undersigned counsel) – acting supervisor for the Smyrna Post Office and was on-scene following the incident

- Walter Graves (contact through undersigned counsel) – USPS supervisor customer services who completed investigative documents

- Officer B. Tovar, Smyrna Police Department – arrived on scene and issued accident report

- E.V.'s medical providers – knowledge of E.V.'s alleged injuries

- E.V.'s coaches, teachers, teammates, and acquaintances;

- Dawn Veasley's employer(s) – information relating to any damages claim for lost wages

- Any additional witnesses to incident

- Witnesses identified in Plaintiff's Initial Disclosures

- Witnesses for authentication purposes

Defendant reserves the right to supplement as witnesses become known or are identified during discovery.

## ATTACHMENT C

## Defendant's List of Documents

- The USPS administrative record, including Plaintiff's Standard Form 95

- E.V.'s medical records

- Motor Vehicle Accident Report completed by Smyrna Police Officer B. Tovar

- Any and all documents identified in Plaintiff's Initial Disclosures

- Documents received by Plaintiff in response to discovery requests

Defendant reserves the right to supplement as records become known or available during discovery.

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the documents to which this certificate is attached have been prepared in Book Antiqua font, 13-point type, which is one of the font and point selections approved by the Court in N.D. Ga. L.R. 5.1(C).

s/ Aaron J. Ross
Aaron J. Ross
*Assistant United States Attorney*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following opposing counsel of record:

>J. Wickliffe Cauthorn
>The Cauthorn Firm
>1984 Howell Mill Road, Box 20059
>Atlanta, Georgia 30325

This 3rd day of February, 2021.

s/ Aaron J. Ross
Aaron J. Ross
*Assistant United States Attorney*

*Counsel for Defendant*
