IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAWN VEASLEY, individually and as Parent and Natural Guardian of E.V., a minor,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Action File No.<br>1:20-CV-04328-LMM |

## **Plaintiff's Initial Disclosures**

1.  State precisely the classification of the cause of action being filed, a brief factual outline of the case including Plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

    This is a state law tort claim brought against the United States pursuant to the Federal Tort Claims Act.

    At all times Thomasina Katrice White was acting within the scope of her employment with the United States Postal Service.

    On January 6, 2017, Ms. White was driving a postal truck along Hunters Point Road in Cobb County, Georgia. She stopped at the intersection of Hunters Point Road and Ennisbrook Drive. She turned right onto Ennisbrook Drive and struck Plaintiff with the postal truck.

Case 1:20-cv-04328-LMM   Document 12   Filed 02/09/21   Page 2 of 9

The collision broke Plaintiff's leg.

Ennisbrook is a residential street. It does not have any traffic control devices or stop signs at its intersection with Hunters Point. Hunters Point terminates at its intersection with Ennisbrook. Traffic on Hunters Point has a stop sign at the Ennisbrook intersection.

Plaintiff contends Ms. White was negligent in the operation of the truck. She failed to ensure the road was clear and that it was safe to turn before turning into Plaintiff. Per Defendant's disclosures, Ms. White should have seen Plaintiff who was walking in Ennisbrook Road prior to her turning into him. He was walking against traffic on Ennisbrook Road, a road without sidewalks or a shoulder. If Plaintiff had been in a car, Defendant would have been ticketed for failure to yield because all traffic on Ennisbrook has the right-of-way at the Hunters Point intersection. All traffic on Hunters Point must yield at the stop sign.

Plaintiff had the right-of-way at the intersection, and Ms. White saw him and failed to yield. *See* O.C.G.A. §§ 40-6-72, 92, and 93.

Even if Plaintiff did not have the right-of-way, according to the disclosures filed with this Court, Ms. White saw Plaintiff long enough prior to the collision to see where he was walking and what he was doing prior to her turn into him. Since she could see him, she had the last clear chance to avoid hitting him.

2

The legal issues are duty, breach, causation, and damages.

2. Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Plaintiff contends are applicable to this action.

The Federal Tort Claims Act, 28 U.S.C. §§ 1346, et seq.

O.C.G.A. §§ 40-6-72, 40-6-93, 40-6-92, 40-6-96, 51-1-1; 51-1-2; 51-1-3; 51-1-4; 51-1-6; 51-1-8; 51-1-12; and 51-1-13.

Common law negligence

Plaintiff will supplement this response as required by rule.

3. Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.

See Attachment A. As discovery has just commenced, Plaintiff may supplement this list as required by rule.

4. Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.

Plaintiff has not yet identified a testifying expert and will supplement this disclosure as required by rule.

5. Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.

Plaintiff is providing, contemporaneously with this response, medical bills and records from Metro Atlanta Ambulance, WellStar Cobb Hospital, Emergency Coverage Corporation, Pediatric Orthopedic Associates, and Quantum Radiology, P.C.

Plaintiff is also providing a copy of the police report.

6. In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extend of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34.

Plaintiff has incurred $7,605.08 in special damages for treatment of injuries. He has uncured more than $50,000 in damages for pain and suffering.

7. Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payment made to satisfy the judgment.

Plaintiff is unaware of any insurance agreement.

8. Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in Plaintiff's cause of action and state the basis and extent of such interest.

Amerigroup Community Care may have a subrogation interest in this matter for amounts paid to medical providers on Plaintiff's behalf. Amerigroup has contracted with Optum for recovery. Optum, PO Box 13216, Green Bay, Wisconsin, 54307. 844-217-0937 (Karin Challeen is the recovery specialist assigned to the account).

This ninth day of February, 2021.

THE CAUTHORN FIRM

<u>/s/J. Wickliffe Cauthorn</u>
J. Wickliffe Cauthorn
Georgia Bar No. 907911

wick@thecauthornfirm.com
1984 Howell Mill Road
P.O. Box 20059
Atlanta, Georgia 30325
*Counsel for Plaintiff*

wick@thecauthornfirm.com
1984 Howell Mill Road
P.O. Box 20059
Atlanta, Georgia 30325
*Counsel for Plaintiff*

Attachment A: Witness List

1.  Dawn Veasley, Plaintiff and mother of Evan Veasley

2.  Evan Veasley, Plaintiff

3.  Henry Veasley, Plaintiff's father

4.  Thomasina White

5.  Jeffrey Kovacic, MD of Pediatric Orthopedics has knowledge of injuries, damages, and causation thereof.

Certificate Pursuant to Local Rule 7.1

The undersigned certifies the foregoing was prepared using 14-point Times New Roman font in compliance with complies with Local Rule 7.1D and 5.1C.

This ninth day of February, 2021.

                                          THE CAUTHORN FIRM

                                          */s/J. Wickliffe Cauthorn*
                                          J. Wickliffe Cauthorn
                                          Georgia Bar No. 907911

wick@thecauthornfirm.com
1984 Howell Mill Road
P.O. Box 20059
Atlanta, Georgia 30325
*Counsel for Plaintiff*

<u>Certificate of Service</u>

The undersigned certifies a copy of the foregoing was served upon counsel of record via this Court's electronic case filing (ECF) system. Attorneys of record are

Aaron J. Ross
Assistant US Attorney
75 Ted Turner Drive
Atlanta, Georgia 30303

This ninth day of February, 2021.

THE CAUTHORN FIRM

<u>/s/J. Wickliffe Cauthorn</u>
J. Wickliffe Cauthorn
Georgia Bar No. 907911

wick@thecauthornfirm.com
1984 Howell Mill Road
P.O. Box 20059
Atlanta, Georgia 30325
*Counsel for Plaintiff*